```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
LARRY LAVONNE BERRY,                :
                                    :
          Petitioner,               :   Civ. No. 15-3657 (NLH)
                                    :
     v.                             :   OPINION
                                    :
JORDAN HOLLINGSWORTH,               :
                                    :
          Respondent.               :
_____:

APPEARANCES

Larry Lavonne Berry, #70372-056
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640
     Petitioner, pro se


HILLMAN, District Judge

     Petitioner Larry Lavonne Berry, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. (ECF No. 1).  Petitioner has also filed a Motion to Amend his Petition. (ECF No. 5).  At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions

through Rule 1(b) of the Habeas Rules.  See also 28 U.S.C. § 2243.  The Court will also address his Motion to Amend.

Because it appears from a review of the Petition that this Court lacks jurisdiction under 28 U.S.C. § 2241, the Petition will be dismissed without prejudice.  However, Petitioner's motion will be granted and he will be permitted to amend his Petition.

## I. BACKGROUND

The procedural history of this case is taken from the record in Petitioner's underlying criminal case, United States v. Larry Lavonne Berry, Crim. No. 08-247 (FL), filed in the Eastern District of North Carolina.  On November 6, 2008, Petitioner pled guilty pursuant to a plea agreement to: (1) armed bank robbery and aiding and abetting, in violation of 18 U.S.C.A. §§ 2, 2113(a) & (d); (2) using a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C.A. §§ 2, 924(c)(1)(A); (3) interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951; and (4) being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924.  On June 4, 2009, Petitioner was sentenced to 302 months' imprisonment.  Petitioner did not appeal his sentence or conviction.

On June 1, 2010, Petitioner filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §

2

2255. See Berry v. United States, No. 08-247, 2011 WL 761478, at *1 (E.D.N.C. Feb. 24, 2011).  In his § 2255 petition, he alleged, among other things, ineffective assistance of counsel due to his counsel's failure to file a notice of appeal on his behalf.  On July 22, 2010, the government filed a response and asked the Court to re-enter judgment on identical terms as the original judgment so that Petitioner could timely file a direct appeal. Id.  In finding that Petitioner's counsel was ineffective, the district court granted petitioner's motion "in order to place petitioner in the same position he would have been in had counsel timely filed a notice of appeal." Berry, No. 08-247, 2011 WL 761478, at *2.  The district court also dismissed without prejudice "the remaining claims in petitioner's § 2255 motion so that [Petitioner could] bring these contentions on direct appeal or in a later motion pursuant to § 2255." Id.  An amended judgment was entered in the underlying criminal case in the Eastern District of North Carolina on March 1, 2011. Amended Judgment, United States v. Berry, Crim. No. 08-247 (E.D.N.C. Mar. 1, 2011) ECF No. 135.

     On March 8, 2011, Petitioner filed a Notice of Appeal in the underlying criminal case. Notice of Appeal, United States v. Berry, Crim. No. 08-247 (E.D.N.C. Mar. 8, 2011) ECF No. 136.  In the appeal, Petitioner's counsel argued that the district court erred when it calculated Petitioner's Guidelines ranges. See

3

United States v. Berry, 446 F. App'x 661, 662 (4th Cir. 2011). Petitioner also filed a pro se supplemental brief and challenged the district court's decision to sentence him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e). Id.

On September 21, 2011, the Fourth Circuit Court of Appeals found that Petitioner's sentence was within the Guidelines ranges calculated at sentencing. Berry, 446 F. App'x at 662.  In addition, the appellate court noted that Petitioner's plea agreement contained an appellate waiver, and that Petitioner had not raised any claims that fell outside the scope of that waiver. Id.  Accordingly, the appeal was dismissed in part and the judgment of the district court was affirmed in part. Id.

Petitioner then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on November 8, 2012.  In a Memorandum and Recommendation, Magistrate Judge Robert B. Jones recited the unique procedural history of this case and found that, although Petitioner had previously filed a petition under § 2255 with respect to the same conviction, the petition under consideration was not "second or successive" and would be considered on the merits. Memorandum and Recommendation at 8, United States v. Berry, Crim. No. 08-247 (E.D.N.C. Mar. 19, 2014) ECF No. 175.

4

The Memorandum and Recommendation then determined that Petitioner's objections to his classification as an armed career criminal were meritless. Id at 8.  In relevant part, the Memorandum and Recommendation specifically addressed Petitioner's arguments with regard to the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Memorandum and Recommendation at 13, n.5, United States v. Berry, Crim. No. 08-247 (E.D.N.C. Mar. 19, 2014) ECF No. 175.

The Memorandum and Recommendation was adopted by the district court for the Eastern District of North Carolina on August 21, 2014 and the government's motion to dismiss the § 2255 motion was granted. Order, United States v. Berry, Crim. No. 08-247, (E.D.N.C. Aug. 21, 2014) ECF No. 179.

Petitioner appealed the district court's order accepting the magistrate judge's recommendation to deny habeas relief. See United States v. Berry, 598 F. App'x 205 (4th Cir. 2015).  The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal.

Petitioner has now filed a motion in this district seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1).  Petitioner names as party respondent, Warden Jordan Hollingsworth, as the person having custody over him pursuant to 28 U.S.C. § 2242.  In his current Petition, Petitioner concedes

5

that he previously filed a motion in the Eastern District of North Carolina pursuant to § 2255. (Pet. 3, ECF No. 1). However, he contends that the motion did not include the arguments he raises in the instant Petition. Id.

As his only ground for relief, Petitioner relies on the Supreme Court's ruling in Alleyne. Petitioner asserts that the indictment against him did not include the critical facts which the Alleyne Court said are necessary to trigger a term of imprisonment beyond the statutory maximum. (Pet. 5-6, ECF No. 1).

More specifically, Petitioner contends that the indictment against him failed to allege that his "prior convictions occurred on 'occasions different from another,' or that they were 'violent felonies[.]'" (Pet. 5, ECF No. 1). Petitioner states that, pursuant to Alleyne, these elements are "essential to the enhancement of the sentence [under the ACCA]." Id. Thus, Petitioner concludes that he is serving a sentence which "far exceeds" the statutory maximum and he urges this Court to grant his Petition to prevent a complete miscarriage of justice. (Pet. 3, 6, ECF No. 1).

## II. STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

6

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

A. JURISDICTION

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) (citations omitted), cert. denied, 510 U.S. 946 (1993); see also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Here, Petitioner has asserted jurisdiction

under 28 U.S.C. § 2241.  For the reasons set forth below, this Court finds that it lacks jurisdiction to consider this Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

8

Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Similarly, § 2255 is not

9

"inadequate or ineffective" to address a claim based upon Booker,[1] which is an extension of Apprendi. See Smith v. Nash, 145 F. App'x 727 (3d Cir. 2005), cert. denied, 126 S.Ct. (U.S. Oct. 31, 2005).  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[2]

Thus, under Dorsainvil and its progeny, this Court could exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

B. ANALYSIS

Here, Petitioner contends that his Petition should be permitted under Dorsainvil because of a "substantive change in the law defining elements of a crime." (Pet. 4, ECF No. 1). Specifically, Petitioner states that "Alleyne was decided after the sentence was imposed in this case. It was also decided subsequent to the time for bringing a § 2255 motion." (Pet. 5, ECF No. 1).

As noted above, however, the Eastern District of North Carolina considered Petitioner's argument under Alleyne when denying Petitioner's previous petition under § 2255. The Memorandum and Recommendation discussed and rejected the argument that the Supreme Court's holding in Alleyne was helpful to Petitioner's case in the context of addressing whether Petitioner's counsel was ineffective for failing to object to the armed career criminal enhancement.

In its analysis, the court discussed the ACCA and whether Petitioner's prior conviction for attempted burglary in violation of New York law constituted a predicate offense for the application of a sentencing enhancement under the ACCA. The court set forth the framework in which it determines whether a prior conviction constitutes a predicate offense for purposes of the ACCA enhancement; and explained the "modified categorical

approach" used by courts.³ Memorandum and Recommendation at 12-13, United States v. Berry, Crim. No. 08-247 (E.D.N.C. Mar. 19, 2014) ECF No. 175.

The court then determined that the Supreme Court's holding in Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), did not change the analysis of whether Petitioner's conviction constituted a predicate for an ACCA enhancement. The court also discussed the potential implications of Alleyne on this analysis in a footnote. Specifically, Magistrate Judge Jones noted that

> Alleyne — which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" — is of no assistance to [Petitioner] here. The Fourth Circuit has rejected [Petitioner's] argument that Alleyne prohibits application of the modified categorical approach in determining whether a conviction qualifies as an ACCA predicate.

---

³ To determine whether a past conviction is for a violent felony, including burglary, arson, or extortion, within the meaning of the Armed Career Criminal Act (ACCA), courts use the "categorical approach," under which they compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic crime," the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense. The modified categorical approach to determining whether a prior offense was a violent felony under the Armed Career Criminal Act (ACCA) applies when a prior conviction is for violating a so-called "divisible statute," meaning a statute that sets out one or more elements of the offense in the alternative, for example, stating that burglary involves entry into a building or an automobile. Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 reh'g denied, 134 S. Ct. 41, 186 L. Ed. 2d 955 (2013).

12

Memorandum and Recommendation at 13, n.5, United States v. Berry, Crim. No. 08-247 (E.D.N.C. Mar. 19, 2014) ECF No. 175. The district court adopted the Memorandum and Recommendation.

Because it is apparent that Petitioner previously raised, and the district court previously rejected, his challenge to the ACCA sentencing enhancement based on the holding in Alleyne, Petitioner has failed to bring his claim in this Petition within the Dorsainvil rule and this Court lacks jurisdiction to consider the Petition under § 2241.

Instead, the Petition is more appropriately characterized as a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court also lacks jurisdiction.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631. See Padilla v. Miner, 150 F. App'x 116 (3d Cir. 2005); Littles v. United States, 142 F. App'x 103, 104 n. 1 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)). However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96

13

F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice. See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

As Petitioner has already filed a § 2255 motion in the district court for the Eastern District of North Carolina, and cannot file a second or successive motion without leave of the appropriate Court of Appeals, this Court must determine whether transfer of this Petition to the Court of Appeals for the Fourth Circuit, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice. Under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may authorize the filing of a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

In this case, Petitioner does not allege as a grounds for relief any of those for which a court of appeals may authorize the filing of a second or successive § 2255 petition. In fact, the basis for relief in this Petition is seemingly identical to an argument which was rejected by the district court in the

14

previous § 2255 motion, and which the Fourth Circuit Court of Appeals affirmed on appeal.  Therefore, it would not be in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit.

Finally, the Court notes that the Third Circuit has determined that the Supreme Court's decision in <u>Alleyne</u> does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Winkelman</u>, 746 F.3d 134 (3d Cir. 2014).  Because Petitioner concedes that <u>Alleyne</u> was decided after his case became final, (Pet. 5, ECF No. 1), it cannot provide a basis for habeas relief. <u>See e.g.</u>, <u>Sosa v. United States</u>, No. 10-3354, 2015 WL 1399037, at *3 (D.N.J. Mar. 26, 2015) (finding that the applicability of <u>Alleyne</u> to petitioner's claims was foreclosed because his case was final before <u>Alleyne</u> was decided).

### IV.  MOTION TO AMEND

The Federal Rules of Civil Procedure govern the amendment of habeas petitions. <u>See</u> 28 U.S.C. § 2242; <u>Riley v. Taylor</u>, 62 F.3d 86, 89-90 (3d Cir. 1995).  Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading or service of a required responsive pleading, or by leave of court in all other circumstances. Fed. R. Civ. P. 15(a).  Leave to amend should be freely granted absent undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. <u>See</u>

15

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

On or about July 24, 2015, Petitioner filed a Motion to Amend his habeas petition. (ECF No. 5).  In his motion, Petitioner seeks to add a claim pursuant to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Court held that imposing an enhanced sentence under the residual clause of the ACCA — which provides that a felony that "involves conduct that presents a serious potential risk of physical injury to another" should be treated as a "violent felony" — violates the Constitution's guarantee of due process.

In this case, the prior conviction used for purposes of Petitioner's sentence enhancement under the ACCA was Petitioner's conviction for attempted burglary.  Because attempted burglary is not one of the four enumerated offenses which constitutes a "violent felony" under the ACCA, it falls under the residual clause. See Johnson, 135 S. Ct. at 2555-56. Accordingly, an amendment to assert a claim pursuant to Johnson in this case would not be futile and Petitioner will be permitted to amend pursuant to Fed. R. Civ. P. 15(a)(2).

16

Petitioner is directed to submit his Amended Petition on the forms supplied by the Clerk of the Court within 45 days of the date of the accompanying Order. Because the claims in Petitioner's initial Petition will be dismissed, as discussed above, Petitioner's Amended Petition shall include only his claim pursuant to the Supreme Court's ruling in Johnson.

V. CONCLUSION

For the reasons set forth above, this Court finds that it lacks jurisdiction over the Petition and will dismiss it without prejudice. Petitioner is granted leave to amend his Petition by submitting an amended petition using the forms supplied by the Clerk of the Court within 45 days of the date of the accompanying Order. An appropriate Order follows.

    s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: September 25, 2015
At Camden, New Jersey

17